ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

COREY GLOVER, D/B/A "SLUSH FUND
MUSIC" and MICHAEL CIRINCIONE,
d/b/a"CIRINCE MUSIC",

                Plaintiffs,

    -against-

DALLAS L. AUSTIN, CRYPTON, INC. d/b/a
CRYPTON MUSIC, TIONNE WATKINS,
GRUNG GIRL MUSIC, LISA LOPES,
ROZANDA THOMAS, EMI APRIL MUSIC,
INC., EMI BLACKWOOD MUSIC, INC,
LAFACE RECORDS, INC., ARISTA
RECORDS, INC., and BMG MUSIC, a
partnership consisting of BMG MUSIC
GROUP, INC., and ARIOLA EURODISC, INC.,
d/b/a/ BMG ENTERTAINMENT.

                Defendants.
-------------------------------------------------------x

FOR PUBLICATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/06

No. 02 Civ. 0812 (LTS)(THK)

## MEMORANDUM OPINION AND ORDER

      Plaintiffs bring this action, alleging that the song "Unpretty," which was recorded by the group TLC and topped the Billboard Charts in September 1999, infringes Plaintiffs' rights in their song "Make Up Your Mind." Plaintiffs assert a cause of action under the Copyright Act (17 U.S.C. § 101 et seq.). Federal question jurisdiction is invoked pursuant to 28 U.S.C. § 1331. Defendants, the female recording group TLC, their producer and songwriter, and various musical publishing or record companies (hereinafter "Defendants") move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking an order dismissing Plaintiffs'

Copies mailed to Def's counsel + MJ + picked
Chambers of Judge Swain up by Pltf's counsel
9.6.06

Complaint in its entirety. For the following reasons, Defendants' motion is granted with respect to all of Plaintiffs' claims.

## BACKGROUND

The following facts are undisputed unless otherwise indicated. Defendants Tionne "T-Boz" Watkins ("Watkins"), Lisa "Left-Eye" Lopes ("Lopes") and Rozanda "Chilli" Thomas ("Thomas") comprised the female recording group TLC until April 2002, when Lopes was tragically killed in an automobile accident. In July of 1998, Watkins, Lopes, Thomas and Defendant Dallas Austin ("Austin"), a producer and songwriter who had worked with TLC on past collaborations, attended a retreat in the Bahamas hosted by Defendant LaFace Records, Inc. ("LaFace"), a record company with which TLC was under contract. Also in attendance at the retreat were Plaintiffs Corey Glover ("Glover"), the lead singer and founding member of the rock band Living Colour and, Plaintiffs assert, a songwriter, and Michael Cirincione a/k/a Michael Ciro ("Ciro") a professional musician, guitarist and, Plaintiffs assert, a songwriter.[1]

Watkins approached Glover and asked him to write a "rock song" for TLC's upcoming album "Fanmail," and this request was reiterated later that evening by Austin when he spoke with Glover and Ciro. Within approximately ten days of the end of the retreat Plaintiffs wrote and recorded a song, titled "Easy Come, Easy Go," which was rejected by TLC within a week of its submission. Ciro then began writing the music for a song titled "Make Up Your Mind," which he hoped TLC would agree to record and include on their album. He recorded

---

[1] There is an immaterial factual dispute as to whether Glover and Ciro can properly be characterized as "songwriters."

"Make Up Your Mind" on August 25, 1998, at Sound Spa Studio, and submitted it to at least one LaFace employee. Plaintiffs allege that the song was then shared with Austin and perhaps with Watkins. Both Austin and Watkins testified that they had never heard Plaintiffs' song before the present lawsuit commenced (Deposition of Dallas Austin, 189-190; Deposition of Tionne Watkins, 13-14), and Defendants have proffered evidence that "Unpretty" was first recorded on August 7, 1998, almost three weeks before the date on which Plaintiffs allege that they recorded "Make Up Your Mind." Plaintiffs' expert witness opines that the two songs are "substantially similar" and that, "within a reasonable degree of probability, whichever song was created first, the second song was created with reference to and influenced by the first."[2]

Plaintiffs allege that the music for TLC's song "Unpretty,"[3] the "Fanmail" track that is the subject of this action, is substantially similar to the music of "Make Up Your Mind." Defendants assert, through sworn deposition testimony of Austin, Watkins and several musicians and engineers involved in the recording of "Unpretty," that the music at issue (the computer-generated drum sounds, live bass, live acoustic guitar and background vocal elements) was created and recorded between August 4 and 7, 1998.[4] This assertion is corroborated by various contemporaneous business records kept by the Defendants, including dated computer music files,

---

[2] Affidavit of Lawrence Ferrera, Ph. D. ("Ferrera Aff."), annexed to Affidavit of Steven Bennet Blau as Exhibit G.

[3] "Unpretty" reached number one on the Billboard Charts in September, 1999, sold over 600,000 copies and was nominated for three Grammy Awards, including Song of the Year.

[4] Defendants added live drums to the recording after August 7, 1998. Plaintiffs argue in their opposition papers that the addition of the live drums changed the key and tempo of the piece (see Pl. Opp. at 22), reflecting unlawful copying, but they offer no analytical or other evidence demonstrating such a material difference between the August 7 version and any post-August 25 versions of the song.

master tapes and digital audio files.  According to Defendants, Watkins gave Austin the concept for the song "Unpretty" in August 4, 1998 based on a poem she had written prior to that time.  Austin then composed "Unpretty" on August 4 and 5, 1998, at D.A.R.P. Studios in Atlanta, Georgia and recorded the music at issue during recording sessions that took place from August 5 through 7, 1998.

In their opposition papers to the present motion, Plaintiffs proffer (without providing any factual support) several theories as to how Defendants created "Unpretty" after receiving "Make Up Your Mind."  First, Plaintiffs allege that Defendants tampered with computer files by changing the date and time on the computer's internal clock.  Second, and notwithstanding Defendants' multiple affidavits asserting that the sound recording time-stamped August 7, 1998 (see, e.g., Affidavit of Leslie Braithwaite at ¶ 13-14 and Affidavit of Perry Carlton Lynn at ¶ 9-10) was created on that date, Plaintiffs argue that "none of the documents or testimony contain evidence of what [the August 7, 1998 version] of 'Unpretty' actually *sounded* like," and that it might, therefore, have been a completely different version of the song than the one released commercially.  (See Pl. Opp. Memo. at 12 (emphasis in original).)  Finally, they appear to ask the Court to accept a conspiracy theory, arguing that the sworn deposition testimony of several musicians and engineers involved in the recording of "Unpretty" should not be believed because that evidence comes from "interested witnesses whose livelihood is/was largely dependent upon the work provided by defendants." (Pl. Opp. Memo at 15.)  As the discussion below outlines, none of these conclusory and unsupported assertions rises to the level of a genuine issue of material fact, and Plaintiffs' evidentiary proffers are insufficient to establish a prima facie case of infringement.

Discussion

*Summary Judgment Standard*

Summary judgment is appropriate only when the submissions of the parties, taken together, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the Court must "view the evidence in a light most favorable to the non-moving party and draw all reasonable inferences in its favor." Amer. Casualty Co. v. Nordic Leasing, Inc., 42 F.3d 725, 728 (2d Cir. 1994).

Nevertheless, to defeat a motion for summary judgment, "[o]nce the moving party has come forward with support in the form of the pleadings, depositions, interrogatory answers, admissions or affidavits that no genuine issue of material fact remains to be tried, the opposing party has the burden of providing similar support setting forth specific facts about which a genuine triable issue remains." Borthwick v. First Georgetown Securities, Inc., 892 F.2d 178, 181 (2d Cir. 1989). This burden cannot be met "merely by vaguely asserting the existence of some unspecified disputed material facts," id., or through "mere conjecture or speculation." Quarles v. General Motors Corp., 758 F.2d 839, 840 (2d Cir. 1985).

Instead, to defeat a motion for summary judgment, a plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A plaintiff must "come forward with enough evidence to support a jury verdict in [his] favor, and the motion will not be defeated merely . . . on the basis of conjecture and surmise." Trans Sport, Inc. v. Starter Sportswear, Inc.,

964 F.2d 186, 188 (2d Cir. 1992) (citing Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991)).  A party opposing a motion for summary judgment "may not rest on the pleadings, but must further set forth specific facts in the affidavits, depositions, answers to interrogatories, or admissions showing a genuine issue exists for trial." Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996); see also Fed. R. Civ. P. 56 (c) and (e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

To prevail on their motion for summary judgment in this copyright case, "the defendants must demonstrate the absence of material evidence supporting an essential element of [Plaintiffs'] copyright infringement claim." Jorgenson v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003).  Plaintiffs, "to avoid summary judgment, 'may not rely simply on conclusory allegations or speculation . . ., but instead must offer evidence to show that [their] version of the events is not wholly fanciful.'" Id. (alteration original; citation omitted).  "[M]ere conclusory allegations or denials in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." Lipton v. Nature Co., 71 F.3d 464 (2nd Cir. 1995) (internal quotation marks and citations omitted).

*Plaintiffs' Copyright Claim*

Copyright infringement is established when the owner of a valid copyright[5] demonstrates unauthorized copying. See Laureyssens v. Idea Group, Inc., 964 F.2d 131, 139 (2d Cir.1992).  "Because direct evidence of copying is ordinarily unavailable, a plaintiff is permitted to demonstrate copying through indirect proof.  Thus, it is well settled that copying may be

---

[5] The validity of the copyright for "Make Up Your Mind" is not disputed in this matter.

inferred where a plaintiff establishes that the defendant had access to the copyrighted work and that the two works are substantially similar." Warner Bros. Inc. v. American Broadcasting Companies, Inc., 654 F.2d 204, 207 (2nd Cir. 1981). Thus, both access and substantial similarity are elements of the unauthorized copying inquiry. There is, however, "an inverse relationship between access and probative similarity such that 'the stronger the proof of similarity, the less the proof of access is required.'" Jorgenson, 351 F.3d at 56 (citation omitted). Thus, "where the works in question are so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access." Id. (citation and internal quotation marks omitted). See also Repp v. Webber, 132 F.3d 882, 891 (2d Cir. 1997) (finding that plaintiffs established prima facie case of access through evidence of striking similarity).

    Defendants are entitled to summary judgment as a matter of law because Plaintiffs have failed to proffer sufficient evidence to establish the existence of a genuine issue of material fact as to access. Defendants have proffered uncontroverted evidence that "Unpretty" was created and, indeed, recorded, before the August 25, 1998, date on which Plaintiffs assert they created the recording of "Make Up Your Mind" that was provided to a LaFace employee. Plaintiffs proffer only evidence that "[w]ithin 24 hours of its recording [on August 25, 1998]," a demo CD was sent to LaFace and its employees, and speculation as to backdating of computer files.

    In support of their assertion that the music at issue in "Unpretty" was created before "Make Up Your Mind," Defendants submit the corroborating sworn deposition testimony of Austin, Watkins, Rick Sheppard (a non-party computer programmer), Carlton Lynn (a non-party recording engineer), Ty Hudson (a non-party assistant recording engineer), Debra Killings (a non-party studio musician), Tomi Martin (a non-party studio musician), and Leslie Braithwaite (a non-

party recording engineer). Defendants have also produced more than 600 pages of documents, including studio work records that document the daily activities performed on "Unpretty" in the recording studio, invoices that indicate the dates on which various independent contractors worked on the song, musical "track sheets" that list the dates on which musical elements of the song were recorded, and contemporaneous business records. Finally, Defendants have also provided four actual recordings of "Unpretty," dated between August 5, 1998 and August 7, 1998. These sworn depositions, records and recordings are all consistent with each other and corroborate Defendants' assertion that "Unpretty" was created before the date on which Plaintiffs say they recorded "Make Up Your Mind."

    Plaintiffs' various unsupported conspiracy theories concerning deception and coverup surrounding the creation of "Unpretty" do not raise genuine issues of material fact but are, rather, the essence of conjecture and surmise. The only "factual" support they provide for their allegations of access is an argument that Defendants allegedly represented that they saved the original recordings at issue on "JAZ" disks (a type of computer disk) and that date stamps on the specific disks used establish that some were not created until October or November of 1998, while Defendants contend here that "Unpretty" was created in August of that year. On the basis of this perceived inconsistency, Plaintiffs attack the Defendants' computer dating evidence as being "unreliable and untrustworthy." (Pl. Opp. Mem. At 15.) However, Defendants never represented that the music files were <u>originally</u> created and stored on JAZ disks, merely that the JAZ disks were backups of the original digital hard drive files, and had been created at a later date. (See April 24, 2003, Deposition Transcript of Rick Sheppard at 66-67 and Declaration of Rick Sheppard at ¶¶ 2-8.)

Having failed to provide any evidence to support their theory, Plaintiffs try to raise doubt regarding the Defendants' account of the creation of "Unpretty" by asserting that there is important evidence that has been withheld or destroyed that would have supported their assertion that a prior version of the song existed. (Pl. Opp. Mem at 17.) For example, Plaintiffs argue that Defendants failed to produce the master tapes that were recorded on August 5, 1998, since they assert that recording engineer Carlton Lynn testified (though Plaintiffs fail to provide the referenced deposition transcript page) that the song was recorded onto master tapes numbered 203, 227 and 259, and Defendants produced master tapes 646, 647, 658 and 659 instead. (Id.) However, as Mr. Lynn's declaration makes clear, the numbers 203, 227 and 259 actually referred to database sequence numbers in the database kept by computer programmer Rick Sheppard, not the tape numbers as he believed at his deposition. (Declaration of Carlton Lynn at ¶¶ 15-16; see also Declaration of Rick Sheppard at ¶¶ 9-15.) Plaintiffs' attempts at casting "metaphysical doubt" are not sufficient to defeat a motion for summary judgment.

Finally, Plaintiffs make other various vague arguments, such as the claim that "Unpretty" was "a radical change in song writing style for Austin," and that he was not a proficient guitar player and rarely used that instrument to write songs. (Pl. Opp. Memo. at 19.) However, this argument is similarly conclusory and unsupported, and even Plaintiffs acknowledge that Austin had, on previous occasions, composed songs using a guitar. (Id.)

Plaintiffs' circumstantial evidence of access is thus insufficient to support a rational inference that "Unpretty" was copied from Plaintiffs' August 25, 2006, recording of "Make Up Your Mind." Nor is Plaintiffs' expert evidence sufficient to raise a question of fact as to unauthorized copying on the basis of striking similarity. Plaintiffs' expert, who proffers that

he has "acted as a consultant and expert witness in music copyright infringement cases since 1991"[6] and thus is presumably familiar with the applicable standards, opines merely that "within a reasonable degree of probability, whichever song was created first, the second song was created with reference to and influenced by the first."[7] This opinion falls well short of the requisite demonstration that "Unpretty" is "so strikingly similar" to "Make Up Your Mind" as to "preclude the possibility of independent creation and to allow access to be inferred without direct proof." Repp, 132 F.3d at 891. Compare id. (expert opinion that works were "'so similar as to preclude independent creation'" sufficient to establish prima facie case of access) and Gaste v. Kaiserman, 863 F.2d 1061, 1068 (2d Cir. 1988) (finding evidence of shared "unique musical fingerprint" in same place in both songs and expert testimony that "'there is not one measure of "Feelings" that cannot be traced back to something that occurs in "Pour Toi"'" sufficient) with Jorgenson, 351 F.3d at 56 (finding testimony as to "subtle" infringement and expert opinion finding works "'*substantially* similar in some of their primary elements'" insufficient), Dimmie v. Carey, 88 F. Supp. 2d 142, 150 (S.D.N.Y. 2000) (finding evidence that independent creation was "unlikely" insufficient to meet striking similarity requirement).

      Plaintiffs' failure to controvert Defendants' overwhelming evidence that "Unpretty" was created before Plaintiffs provided "Make Up Your Mind" to LaFace precludes any triable issue of fact with respect to the access prong of the unauthorized copying inquiry. Plaintiffs have also failed to make the showing of striking similarity that is required in the absence of evidence of access. Accordingly, Plaintiffs' evidence is insufficient to present a

---

[6]    Ferrara Aff. at ¶1.

[7]    Id. at ¶2.

prima facie case of copyright infringement and Defendants are entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment dismissing the complaint is granted. The Clerk of Court is respectfully requested to enter judgment dismissing the Complaint and to close this case.

SO ORDERED.

Dated: New York, New York
      September 6, 2006

_____
LAURA TAYLOR SWAIN
United States District Judge